1
2
3 **UNITED STATES DISTRICT COURT**
4 **DISTRICT OF NEVADA**
5

6 ANGELA ANAYA COLBERT,

Case No. 2:24-cv-00990-GMN-NJK

7          Plaintiff(s),

**ORDER**

8 v.

[Docket No. 1]

9 THE MOORE LAW GROUP, A.P.C., et al.,

10          Defendant(s).

11       Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to
12 28 U.S.C. § 1915 to proceed *in forma pauperis*.

13 **I.    *In Forma Pauperis* Application**

14       Plaintiff filed an application to proceed *in forma* pauperis as required by § 1915(a). Docket
15 No. 1. Plaintiff has therein shown an inability to prepay fees and costs or give security for them.
16 Accordingly, the application to proceed *in forma pauperis* (Docket No. 1) will be granted pursuant
17 to 28 U.S.C. § 1915(a).

18 **II.    Screening the Complaint**

19       Upon granting an application to proceed *in forma pauperis*, courts additionally screen the
20 complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the
21 action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,
22 or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).
23 When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the
24 complaint with directions as to curing its deficiencies, unless it is clear from the face of the
25 complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70
26 F.3d 1103, 1106 (9th Cir. 1995).

27       Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint
28 for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is

1

1    essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723

2    (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim

3    showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v.*

4    *Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations,

5    it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause

6    of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265,

7    286 (1986)). The court must accept as true all well-pled factual allegations contained in the

8    complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.

9    Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do

10   not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from

11   conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

12   Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted

13   by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal

14   construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

15          A.      Federal Cause of Action

16          Plaintiff alleges that The Moore Law Group is a "debt collector" that used "unfair and

17   unconscionable means" to collect a debt.  Docket No. 1-2 at ¶¶ 21, 24.[1]  The FDCPA maintains

18   that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect

19   any debt."  15 U.S.C. § 1692f.  This section lists eight non-exhaustive examples of conduct that

20

21

22

23

24

25

_____

26   [1] Plaintiff also alleges a "conspiracy" between all Defendants as to these alleged actions.
     *See* Docket No. 1-2 at ¶ 25.  Because the complaint does not sufficiently allege a violation of the
     Fair Debt Collection Practices Act ("FDCPA"), the Court need not opine on whether any other
27   defendant may be held liable based on this conspiracy allegation.  The Court notes, however, that
     it does not appear a conspiracy has been pled properly.  *See, e.g.*, *Burns v. County of King*, 883
28   F.2d 819, 821 (9th Cir. 1989).

violates this section. *Id.*[2] "The Ninth Circuit has not articulated a standard for identifying 'unfair or unconscionable' conduct outside of the eight examples listed in the statute." *Cunningham v. Meridian Credit Grp., LLC*, 2019 WL 643966, at *4 (C.D. Cal. Feb. 11, 2019). "District courts in

---

[2] The following practices constitute violations of section 1692f of the FDCPA:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f.

the Ninth Circuit, however, have held that, when the conduct alleged is not 'remotely similar' to the enumerated examples, the conduct is not 'unfair or unreasonable' within the meaning of section 1692f." *Warner v. Midland Credit Mgmt., Inc.*, 540 F. Supp. 3d 946, 965 (C.D. Cal. 2021). "Other courts have noted the plain meaning of 'unfair' is 'marked by injustice, partiality, or deception' and the term 'unconscionable' means 'having no conscience'; 'unscrupulous'; 'showing no regard for conscience'; and 'affronting the sense of justice, decency, or reasonableness.'" *Id.* (citing *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200 (11th Cir. 2010)); *see also Riordan v. Jaburg & Wilk, P.C.*, 2010 WL 3023292, at *3 (D. Ariz. July 30, 2010).

Plaintiff here attempts to bring a claim under the FDCPA based on conduct related to obtaining a default judgment against her in state court. First, Plaintiff alleges that the affidavit of service for that state case was falsified, in that it indicated service had been made on a "'Co-Resident' named 'Jane Doe,'" but that "Plaintiff does not reside with a "'Co-Resident' named Jane Doe." Docket No. 1-2 at ¶ 13. Given the common understanding that the term "Jane Doe" refers to a woman of unknown identity, rather than a person with that actual name, this allegation does not cross the line from the conceivable to the plausible.

Second, Plaintiff alleges various clerical shortcomings with the motion for default judgment that was filed in state court. Plaintiff alleges that the affidavit referenced an "Exhibit A," but that "no document identified as 'Exhibit A' [was] attached." *Id.* at ¶ 14. Plaintiff also alleges that the affidavit was improperly notarized in various ways, including that the name of the subscribing witness was not clearly stated and that the signature line had an "unrecognizable signature." *Id.* at ¶ 15. It is not clear from the allegations that the errors had any impact at all on the state proceeding and they do not appear similar to the statutorily enumerated examples of unfair or unconscionable conduct. The Court does not discern how these clerical issues (without more) equate to a cognizable legal claim.

In short, the allegations in the complaint fail to state a claim under the FDCPA. Plaintiff is afforded an opportunity to file an amended complaint if the deficiencies identified above can be corrected.

B.    State Causes of Action

Plaintiff's complaint includes three state law causes of action.  Docket No. 1-2 at ¶¶ 28-41. The Court declines to address these state law claims.  Plaintiff's complaint alleges federal question subject matter jurisdiction.  *See* Docket No. 1-2 at ¶ 2.  For the reasons discussed above, however, Plaintiff's complaint fails to state a claim for relief on her federal cause of action.  It is not clear that the Court would exercise jurisdiction over the state law claims in this case.  *See* 28 U.S.C. § 1367(c)(3); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The Court declines to screen Plaintiff's state law claims at this time.

## III.    Conclusion

Accordingly, **IT IS ORDERED** that:

1.    Plaintiff's application to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. Plaintiff shall not be required to pay the filing fee.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2.    The Clerk's Office is **INSTRUCTED** to file the complaint (Docket No. 1-2) on the docket.

3.    Plaintiff's complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **January 10, 2025**, to file an amended complaint, if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make an amended complaint complete.  This is because, as a general rule, an amended complaint supersedes earlier pleadings.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the earlier pleadings no longer serve any function in the case. Therefore, in an amended complaint, each claim and the involvement of each defendant

must be sufficiently alleged.  **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: December 13, 2024

_____
Nancy J. Koppe
United States Magistrate Judge